**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:21-CR-00025-JDK-KNM** |
| **vs.** | § | |
| | § | |
| | § | |
| **JOSHUA LYNN GATTIS (10)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On September 4, 2026, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Dustin Farahnak. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

***Background***

After pleading guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony, Defendant Joshua Lynn Gattis was sentenced on February 23, 2022, by United States District Judge Jeremy D. Kernodle. The offense carried a statutory maximum imprisonment term of life and a statutory minimum term of 60 months. Defendant's criminal history category was II. The Court sentenced Defendant to an imprisonment term of 60 months, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance use testing/treatment, mental health treatment, and acquiring a high school equivalency certificate. Defendant completed his term of imprisonment and started his term of supervised release on April 17, 2026.

***Allegations***

In the Petition seeking to revoke Defendant's supervised release, filed on August 31, 2026, United States Probation Officer Joshua Lynn Gattis alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Texas Department of Public Safety in Cherokee County on July 23, 2026, on an outstanding federal warrant for supervised release violations. At the time of that arrest, Defendant was also issued citations for Possession of Drug Paraphernalia, Fail to Report Non-Injury Collision at Once to Proper Authorities, and Fail to Maintain Financial Responsibility.

2. **Allegation 2 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens on May 18, 2026, June 12, 2026, and June 23, 2026 that tested positive for methamphetamine. Plaintiff admitted using methamphetamine in writing after each test. Abbott Labs confirmed that the June 12, 2026 specimen was positive for amphetamine/methamphetamines.

3. **Allegation 3 (special condition): The defendant must reside at and participate in treatment through Cenikor as instructed by the U.S. Probation Office, and you must follow the rules and regulations of the program until successful completion of the program has been met.** It is alleged that Defendant left Cenikor on August 23, 2026 against medical advice and prior to successful completion of the program.

***Applicable Law***

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class A felony. Accordingly, the maximum imprisonment sentence that may be imposed is 5 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 6 to 12 months. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by testing positive for amphetamine/methamphetamines, receiving citations, or leaving Cenikor against medical advice prior to successful completion, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of II, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 4 to 10 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

***Hearing***

On September 4, 2026, Defendant appeared for a final revocation hearing. Assistant United States Attorney Dustin Farahnak announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 3 of the petition and to jointly request a sentence of imprisonment for a term of 4 months to be followed by a 4-year term of

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

supervised release. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 3 of the petition.

***Findings and Conclusions***

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 3 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 4 months to be followed by a 4-year term of supervised release. Through an individualized assessment, I determined that a 4-year term of supervised release is warranted. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 3 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 4 months to be followed by a 4-year term of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 4 months to be followed by a 4-year term of supervised release.

So ORDERED and SIGNED this 4th day of September, 2026.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE